**CONN v. PEAVY–MOORE LUMBER CO. et al.  (No. 1646.)**

Court of Civil Appeals of Texas. Beaumont. April 19, 1928.

Rehearing Denied May 2, 1928.

1. **Appeal and error ⟨⟩219(2), 237(6)—Objection on appeal that finding was without supporting evidence held too late, where there was no motion to set finding aside below nor objection to submission of issue.**

Where there was no motion to set aside finding in court below nor any objection to court's submitting issue, *held* that objection that finding was without support in evidence on appeal came too late.

2. **Trial ⟨⟩350(3)—Refusal to submit issue as to adverse possession of other land held proper, in action for breach of warranty; being immaterial.**

In suit for breach of warranty, where defendant requested submission of issue as to whether third party had adverse possession of

land for more than ten years, *held* that the assignment was properly overruled, since land possessed by third party was shown not to be land in question, making issue immaterial.

3. **Covenants ⟨⟩100(1)—Warranty held not satisfied by conveyance to grantee of other property in effort to make warranty good.**

In action for breach of warranty in conveyance of timber lands, where, in effort to make warranty good, defendant had purchased and conveyed property from third person, *held* that, property being other than that concerned in present suit, attempt was futile, and warranty was not satisfied.

4. **Pleading ⟨⟩36(3)—Defendant admitting existence of breach of warranty in pleading could not question that there was breach or assert satisfaction.**

In action for breach of warranty, where defendant, by her pleadings, expressly admitted existence of warranty *held* that she was not in position to question that there was breach or to assert that same had been satisfied.

5. **Covenants ⟨⟩121(2)—Judgment for breach of warranty against defendant, who alleged ownership in plaintiff, held proper, in view of judgment adjudicating ownership in third party.**

In action for breach of warranty in conveyance of timber lands, where defendant in answer did not plead general denial nor deny any allegations of plaintiff, but to contrary pleaded that land belonged to plaintiff and that another had cut timber from same, *held* that judgment against defendant was proper, where third party by its judgment defeated title claimed by warrantor to timber sued for.

6. **Pleading ⟨⟩100—Where defendant did not plead general or special denial to any matters alleged in petition, there were no issues for jury.**

In action for breach of warranty to timber land, where defendant did not plead general denial nor any special denial to any of matters alleged in plaintiff's petition, *held* that there were no issues to be submitted to jury, since no issues were joined as to matters alleged.

7. **Pleading ⟨⟩127(2)—Widow of grantor, sued on breach of warranty, admitting allegations of petition, could not complain of judgment against her.**

In action for breach of warranty to timber land brought against grantor's widow, where she admitted that grantor had warranted land and she was sued as sole devisee and legatee and independent executrix of grantor, *held* that she could not complain of judgment against her.

Appeal from District Court, Newton County; V. H. Stark, Judge.

Suit by the Miller-Vidor Lumber Company against the Peavy-Moore Lumber Company and another. From the judgment, Mrs. S. N. Conn appeals. Affirmed.

John B. Warren, of Houston, and C. A Lord, of Beaumont, for appellant.

A. M. Huffman, of Beaumont, for appellees.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

O'QUINN, J. The Miller-Vidor Lumber Company, one of the appellees here, brought this suit in the district court of Newton county, Tex., to recover of the Peavy-Moore Lumber Company damages for the value of 210,000 feet of pine timber cut and removed from 80 acres of land, a part of section 9, H. T. & B. Railway Company survey, located partly in Jasper county and partly in Newton county. Said plaintiff also made appellant, Mrs. S. N. Conn, a party defendant, and sought judgment against her individually as the sole devisee, and as independent executrix of the estate of her deceased husband, R. C. Conn, alleging that R. C. Conn, by general warranty deed, conveyed the timber in controversy to plaintiff July 18, 1917. Plaintiff also alleged that R. C. Conn, by and through his agent, J. E. McDonald, pointed out the timber in question to plaintiff, and represented that said timber stood upon the 80 acres of land described in the deed from said Conn to plaintiff, and that plaintiff so believing bought said timber from said Conn, and paid him for same, and that the timber cut by defendant Peavy-Moore Lumber Company was the same timber pointed out and sold to plaintiff by said Conn, and which said timber was covered by the covenants of warranty in said Conn's deed to plaintiff. Plaintiff further alleged that, if for any reason it should not be entitled to recover against the Peavy-Moore Lumber Company for the value of said timber, nevertheless it would be entitled to recover against Mrs. S. N. Conn, individually and as independent executrix of the estate of R. C. Conn, deceased, at the value of $4 per thousand feet, with 6 per cent. interest thereon from the date of said deed.

The defendant Peavy-Moore Lumber Company answered by general demurrer, general denial, and plea of not guilty, and disclaimed having any interest in or claim to section 9, H. T. & B. Railway Company, and that it owned or claimed no interest in 80 acres out of the southwest corner of same, but alleged that it was the owner of the John B. Wright survey No. 20, immediately west of and adjoining H. T. & B. section No. 9, and that the division line between said surveys was a common line. Said appellee further alleged that plaintiff's suit was an attempt to establish a conflict between H. T. & B section No. 9 and the John B. Wright survey No. 20, and by proper allegations made J. P. McMahon, Jr., a party to the suit as a remote grantor in appellee's chain of title to the Wright survey on his warranty of the title to same.

Appellant, Mrs. Conn, filed answer admitting that the plaintiff, Miller-Vidor Lumber Company, was the owner of the timber described in its petition, and that it had a cause of action against Peavy-Moore Lumber Company for cutting said timber. She admitted that her deceased husband, R. C. Conn, conveyed the timber on the land described in plaintiff's petition to plaintiff by deed dated July 18, 1917, and by said deed warranted the title thereto to plaintiff, and by way of cross-action against appellee Peavy-Moore Lumber Company, adopted the allegations of the plaintiff, Miller-Vidor Lumber Company, as her own.

Appellee Peavy-Moore Lumber Company answered the pleadings of appellant, Mrs. S. N. Conn, by general demurrer and general denial.

The case was tried to a jury upon special issues, and upon their answer judgment was rendered establishing the west boundary line of the H. T. & B. Railway section No. 9, located on the ground, as contended by appellee Peavy-Moore Lumber Company, and that said line was a common line with the east boundary line of the Wright survey No. 20; that plaintiff, Miller-Vidor Lumber Company, take nothing as against the defendant Peavy-Moore Lumber Company; that the Peavy-Moore Lumber Company take nothing as against its remote warrantor, J. P. McMahon, Jr.; and that plaintiff, Miller-Vidor Lumber Company, recover of appellant, Mrs. S. N. Conn, individually and as independent executrix of the estate of R. C. Conn, deceased, the sum of $840, together with 6 per cent. interest thereon from July 18, 1917, said sum representing the value of 210,000 feet of pine timber in question at $4 per thousand, with all costs of suit. Motions for a new trial by appellee Miller-Vidor Lumber Company and by appellant were duly made and overruled, and Mrs. Conn brings this appeal.

The Wright survey lies west of H. T. & B. section No. 9, and they adjoin. The pivotal point in the case was the true location of the southwest corner of said section No. 9, as the common line between the two surveys ran north from said southwest corner. Special issue No. 1, submitted to the jury, was:

"Do you find from the evidence that the west line of H. T. & B. section No. 9 was originally located on the ground as contended for in this case by the plaintiff; or do you find from the evidence that said line was originally located on the ground as contended for in this case by the defendant Peavy-Moore Lumber Company?"

To this issue the jury answered:

"We find said line was originally located on the ground as contended for by the defendant Peavy-Moore Lumber Company."

[1] Appellant's first and second propositions attack this finding of the jury as without support in the evidence, and so against the great weight and preponderance of the evidence as to be manifestly wrong, and as indicating bias, prejudice, or some other improper motive on the part of the jury in making said finding. This contention is overruled. As above said, the location of the line between the two surveys was the main and deciding question in the case, in that, if said line was located as contended for by defendant Peavy-Moore Lumber Company, then the

timber in question was not on the H. T. & B. section No. 9, but was on the Wright survey. But, if located as contended for by appellant and the Miller-Vidor Lumber Company, then the timber was on H. T. & B. section No. 9, and appellee Peavy-Moore Lumber Company was liable for its value. Much evidence was introduced by both parties, and a verdict of the jury either way would have found support in the evidence. We do not think that any good or useful purpose could be served by discussing or setting out the evidence, but say that we have carefully considered the whole of the evidence and find that the verdict of the jury has ample support. We further find that there is nothing in the record to indicate any sort of bias, prejudice, or any other improper motive on the part of the jury in making said finding. Moreover, there was no motion to set aside this finding in the court below, nor was there any objection to the court's submitting the issue. We think the objection that the finding is without support in the evidence comes too late. Burnett v. Bank (Tex. Civ. App.) 191 S. W. 172.

[2] Appellant complains that the court erred in refusing to submit to the jury special requested issue No. 1, requested by appellee Miller-Vidor Lumber Company and by appellant, as to whether Mrs. Haynes had had peaceable and adverse possession of the land from which the timber was cut, cultivating, using, or enjoying the same for more than 10 years prior to the date when such timber was cut. This assignment is overruled. The facts show that the 160 acres of land claimed, sued for, and recovered by Mrs. Haynes was in the southwest corner of H. T. & B. section No. 9, that she had same surveyed and located on the ground in the southwest corner of said section, as contended by appellee Peavy-Moore Lumber Company, and that she claimed no land on the adjoining Wright survey on the west. The timber cut by appellee Peavy-Moore Lumber Company was, as found by the verdict of the jury, situated on the Wright survey. That being true, there could be no question of limitation title outside of the boundaries of her 160 acres claimed and located by her in the southwest corner of H. T. & B. section No. 9. Furthermore, appellant introduced in evidence a regular chain of title from the sovereignty of the soil down to and into her grantee, Miller-Vidor Lumber Company, to 80 acres, the west one-half of the southwest one-fourth of said section 9, which title was not questioned by appellee Peavy-Moore Lumber Company, by reason of which the question of limitation became immaterial and hence not a question to be submitted to the jury.

[3, 4] Appellant contends that plaintiff, Miller-Vidor Lumber Company, having sued her on the warranty of her deceased husband, R. C. Conn, as contained in his deed of date July 16, 1917, and it appearing that August 18, 1918, Mrs. Haynes obtained judgment against appellee Miller-Vidor Lumber Company and Mrs. S. N. Conn, appellant, as executrix and sole devisee of R. C. Conn, deceased, for the southwest quarter of H. T. & B. section No. 9 (160 acres), and that thereafter Mrs. S. N. Conn acquired title from Mrs. Haynes to the timber on the west half (80 acres) of said quarter section, and by warranty deed conveyed same to appellee Miller-Vidor Lumber Company for the purpose of perfecting the conveyance of her deceased husband, R. C. Conn, to said timber, was in satisfaction of said warranty given by R. C. Conn, deceased, to said timber, wherefore the judgment against appellant on the warranty of her deceased husband, R. C. Conn, was contrary to law, in that said judgment required her to twice respond to and satisfy said warranty. We overrule this contention. The deed from Mrs. Haynes to Mrs. Conn, and the deed from Mrs. Conn to Miller-Vidor Lumber Company conveyed the timber on the west one-half of the southwest one-fourth of H. T. & B. section No. 9 (80 acres), while the timber in question was by the verdict of the jury found to be on the Wright survey to the west of said section No. 9. This timber was covered by the field notes of the deed from R. C. Conn to Miller-Vidor Lumber Company, and so was not situated on any portion of H. T. & B. section No. 9, but was situated on the Wright survey, as contended by appellee Peavy-Moore Lumber Company. So the conveyance of the timber mentioned in the deed from Mrs. Conn to Miller-Vidor Lumber Company, though executed in a bona fide effort to make good the warranty of her deceased husband, was futile, and in no manner satisfied said warranty. Furthermore, appellant, by her pleadings, expressly admitted the existence of the warranty asserted against her, and specially alleged that the timber cut by the Peavy-Moore Lumber Company belonged to the Miller-Vidor Lumber Company, and all the evidence shows that said timber was pointed out to Miller-Vidor Lumber Company by R. C. Conn, through his authorized agent, McDonald, and that the timber cut was the very timber so pointed out and embraced by the field notes of said R. C. Conn's deed to Miller-Vidor Lumber Company. Therefore appellant, not having denied the cause of action asserted against her, but having expressly admitted same, is not in position to question that there was a breach of said warranty, or to assert that same has been satisfied.

[5] Appellant's other propositions, that the judgment against her is wrong, we think should be overruled, because in her answer she did not plead the general denial, nor did she deny in any way the allegations of plaintiff, Miller-Vidor Lumber Company, but to the contrary specially admitted that the 210,-000 feet of timber in question belonged to

plaintiff, Miller-Vidor Lumber Company, and that said plaintiff had a cause of action against appellee Peavy-Moore Lumber Company for cutting same, and also admitted in her answer that her deceased husband, R. C. Conn, had conveyed said timber and warranted the title thereto to plaintiff, and in the record it is admitted that said timber was worth $4 per thousand, and the Peavy-Moore Lumber Company, by its judgment, having defeated the title as claimed by E. C. Conn to the very timber sued for, the judgment entered by the court was proper.

By several propositions appellant asserts that the judgment against her is fundamentally erroneous, in that: (a) It was not alleged or proven that she had received any property from her deceased husband in excess of the liabilities thereon upon which her personal liability could be predicated; (b) that the case as between the appellant and Miller-Vidor Lumber Company was not submitted on special issues to the jury, wherefore the court was without power to render any judgment against her on the facts; and (c) that the evidence showed that the plaintiff, Miller-Vidor Lumber Company, prior to the institution of the suit, had conveyed its title to the timber in question to the Southern Land & Lumber Company by warranty deed, and that at the time of the cutting of said timber by the Peavy-Moore Lumber Company said Southern Land & Lumber Company was the owner of said timber, and thereafter conveyed its cause of action against the Peavy-Moore Lumber Company for the cutting of said timber to plaintiff, Miller-Vidor Lumber Company, wherefore said plaintiff, Miller-Vidor Lumber Company, at the time of the filing of this suit, was vested with only a cause of action against the Peavy-Moore Lumber Company, and had no interest in the timber upon which it could predicate any cause of action against appellant upon the warranty of her deceased husband.

[6, 7] We think all these propositions should be overruled. As before stated, appellant did not plead the general denial, nor any special denial of any of the matters alleged in the plaintiff's petition. Therefore all of the allegations in the petition are to be taken as true and admitted to be true, and hence no issues were joined as to any matters alleged as between plaintiff, Miller-Vidor Lumber Company, and appellant. Wherefore all such questions were for the determination of the court on the pleadings, and there was no issue that could be submitted to the jury as between appellant and appellee Miller-Vidor Lumber Company. Plaintiff, Miller-Vidor Lumber Company, alleged that it was the owner of the timber in question; that said timber was conveyed to it by R. C. Conn, deceased, and the title thereto warranted by him. Appellant's answer admitted this to be true. Plaintiff sued appellant as

the sole devisee and legatee and sole independent executrix of the estate of R. C. Conn, under his last will and testament, and it was alleged that she was the duly appointed, qualified, and acting executrix of said R. C. Conn and of his estate. These allegations were not denied, but were admitted to be true. Besides appellant in her motion for a new trial did not in this wise complain of the judgment against her. Under the pleadings of appellant there is no basis for any of the objections now urged against the judgment.

No reversible error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.